# EXHIBIT "B"

# COMPLAINT FOR DAMAGES

Alexander S. Rusnak (CSB # 300054)
Law Office of Alexander S. Rusnak
95 S. Market Street, Suite 300
San Jose, CA 95113
(408) 780-9835 (Phone)
(408) 351-0114 (Fax)
arusnak@rusnaklawoffice.com
Attorney for Carlos Olmos Gonzalez



ENDORSED



2016 MAY 24 A 10: 18

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

**16CV295527**

| | |
|---|---|
| Carlos Olmos Gonzalez,<br>　　　　　Plaintiffs,<br>vs.<br>Equifax Inc.; TransUnion Corp. and DOES 1-50<br>　　　　　Defendants | Case No.: [Number]<br><br>Violations of:<br><br>1. 15 U.S.C. § 1681 et seq.<br><br>2. Cal. Civ. Code § 1785 et seq.<br><br>3. Cal. B & P Code § 17200 et seq.<br><br>FILED BY FAX |

**INTRODUCTION**

1. Plaintiff Carlos Olmos Gonzalez brings this action as a result of Defendants TransUnion Corp. and Equifax Inc.'s failure to comply with their obligation under both federal and state fair credit reporting acts to follow reasonable procedures to assure maximum possible accuracy of information regarding a consumer to reinvestigate or delete

Complaint

- 1

disputed information that is either inaccurate or incomplete. As a result of Defendants' conduct, Plaintiff, a disabled senior citizen has been denied credit, housing and suffered physical and emotional harm.

**PARTIES**

2. Plaintiff Carlos Olmos Gonzalez is a natural person who resides in Santa Clara County, California. Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c); a "senior citizen" as defined under Cal. Civil Code § 1761(f); and a "disabled person" as defined under Cal. Civil Code § 1761(g).

3. Defendant Equifax Inc. ("Equifax") is a corporation incorporated und the laws of the state of Georgia, authorized to business in the state of California. Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluation and distributing information concerning consumers for the purpose of furnishing consumer reports as defined under 15 U.S.C. § 1681(d) to third parties. Further Equifax is "Consumer credit reporting agency" as defined under Cal. Civ. Code § 1785.3(d). Equifax, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties.

4. Defendant TransUnion Corp. ("TransUnion") is a corporation incorporated und the laws of the state of Delaware, authorized to business in the state of California. Defendant TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluation and distributing information concerning consumers for the purpose of furnishing consumer reports as defined under 15 U.S.C. § 1681(d) to third parties. Further TransUnion is "Consumer credit reporting agency" as defined under Cal. Civ. Code § 1785.3(d). TransUnion, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties.

5. The true names and capacities of the Defendants, DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff therefore sue said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the names have been ascertained. Plaintiff is informed and believes, and thereon, alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth

and proximately caused injury and damages to Plaintiff as herein alleged.

6. At all times here mentioned, each of the Defendants were the agent and employee of each of the remaining Defendants, and were, at all times herein mentioned, acting within the scope of said agency and employment. Any reference hereinafter to "DEFENDANTS" without further qualification is meant by Plaintiff to refer to each Defendant named above.

**FACTS**

7. Based upon information and belief, the following paragraphs are alleged: 3-6, 17-24, 26-40.

8. In 2013 Plaintiff applied for an extension of credit with GE Capital Retail Bank.

9. In December of 2013 Plaintiff was denied an extension of credit with GE Capital Bank due to negative entries that were reported in DEFENDANTS' credit report of Plaintiff.

10. Since 2013, Plaintiff has applied on multiple occasions for the hiring of a dwelling unit for Plaintiff's primary residence and was subsequently denied a dwelling unit for Plaintiff's primary residence due to negative entries reported in DEFENDANTS' credit report and file of Plaintiff.

11. The negative entries listed in DEFENDANTS' credit reports and file of Plaintiff contains inaccurate and incomplete information.

12. On November 24, 2015, Plaintiff, through his attorney, sent DEFENDANTS a written request, by certified mail, return receipt, to conduct a reinvestigation on inaccurate and incomplete information in DEFENDANTS' credit reports and file of Plaintiff. Plaintiff identified the specific information that was inaccurate or incomplete.

13. DEFENDANTS received Plaintiff's written request to conduct a reinvestigation on the inaccurate and incomplete information in DEFENDANTS' credit reports and file of Plaintiff.

14. DEFENDANTS have not responded to Plaintiff's written request to conduct a reinvestigation on the inaccurate and incomplete information in DEFENDANTS' credit reports and file of Plaintiff.

15. DEFENDANTS have not provided a notice or confirmation of the deletion of the inaccurate and incomplete information in DEFENDANTS' credit report and file of Plaintiff to Plaintiff.

16. DEFENDANTS have not provide a consumer report on Plaintiff based upon DEFENDANTS' file of Plaintiff after the deletion of the inaccurate and incomplete information in DEFENDANTS file of Plaintiff to Plaintiff.

17. DEFENDANTS have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the

information posted to Plaintiff's consumer report(s) and disseminated.

18. DEFENDANTS have continually mis-merged credit data attributable to other persons with the consumer report(s) of Plaintiff.

19. DEFENDANTS have failed to utilize a search algorithm which is capable of distinguishing between persons with different personal identifiers.

20. DEFENDANTS have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

21. DEFENDANTS have failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on plaintiff's consumer reports.

22. DEFENDANTS failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

23. DEFENDANTS have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

24. DEFENDANTS knew or should have known their conduct was directed towards a senior citizen or disabled person.

25. Plaintiff has been suffered substantial physical and emotional distress and continues to suffer harm from Defendant's conduct.

**FIRST CAUSE OF ACTION**
**(15 U.S.C. § 1681 et seq.**
**Fair Credit Reporting Act ("FCRA"))**
**(Against all Defendants)**

26. Plaintiffs reallege and incorporate paragraphs one thru twenty-five herein.

27. DEFENDANTS violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

28. DEFENDANTS violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual written notice of such inaccuracies.

29. DEFENDANTS violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation after receiving a notice of dispute by the consumer to determine if the disputed information is inaccurate and record the current status of the disputed information.

30. DEFENDANTS violated 15 U.S.C. § 1681i failing to provide written notice to Plaintiff of a reinvestigation, either for determining if a dispute is frivolous or irrelevant or of the results of the reinvestigation.

31. DEFENDANTS violated 15 US.C. § 1681i by failing to provide notice of the deletion of disputed information.

32. DEFENDANTS violations of § 1681 et seq. were done with willfully intent or with reckless disregard to Plaintiff's rights and the foreseeable harm that such conduct could and did directly cause harm.

**SECOND CAUSE OF ACTION**
**(California Civil Code § 1785 et seq.**
**Consumer Credit Reporting Agencies Act ("CCRAA"))**
**(Against all Defendants)**

33. Plaintiff's reallege and incorporate paragraphs one thru thirty-two herein.

34. DEFENDANTS violated §1785.16(a) by failing to reinvestigate and record the current status of the disputed information within 30 businesses days from receiving notice of the disputed information.

35. DEFENDANTS violated § 1785.16(d) by failing to provide a written notice in compliance with § 1785.16(d) to the consumer of the results of any reinvestigation within five days of completion of the reinvestigation.

36. DEFENDANTS violated § 1785.16(j) by failing to provide verification of deletion of disputed information pursuant to § 1785.16(j) in writing to Plaintiff within 5 business days of the deletion of the disputed information.

37. DEFENDANTS violations of §1785 et seq. were done with willfully intent or with reckless disregard to Plaintiff's rights and the foreseeable harm that such conduct could and did directly cause.

**THIRD CAUSE OF ACTION**
**(Violation of Ca. Bus. & Prof. Code §17200 et seq.**

**Unfair Competition Law)**
**(Against all Defendants)**

38. Plaintiff's reallege and incorporate paragraphs one thru thirty-seven herein.

39. DEFENDANTS above conduct constitutes an "unlawful" business practices and acts.

40. DEFENDANTS "unlawful" business practices violations of were done with willfully intent or with reckless disregard to Plaintiff's rights and the foreseeable harm that such conduct could and did directly cause.

**PRAYER FOR RELIEF**

41. Plaintiffs reallege and incorporate paragraphs one thru forty herein.

42. Plaintiff respectfully requests that this court:

With respect to the **FIRST CAUSE OF ACTION (15 U.S.C. 1681 et seq.)**

i. For DEFENDANTS' willful violations 15 U.S.C. § 1681 et seq.:

    a. The greater of actual damages sustained by Plaintiff as a result of DEFENDANTS' failures, as assed by the trier of fact, or statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. 1681n(a)(2);

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3).

ii. For DEFENDANTS negligent violations of 15 U.S.C. § 1681 et seq.:

    a. Actual damages sustained by Plaintiff as a result of DEFENDANTS' failures, as assed by the trier of fact, pursuant to 15 U.S.C. § 16810(a)(1);

    b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

iii. Additional penalty of trebling of any fine, civil penalty, or other penalty, or any other remedy the purpose or effect is to punish or deter pursuant to Cal. Civil Code § 3345(b).

iv. Any other relief that the court deems proper.

With respect to the **SECOND CAUSE OF ACTION (Cal. Civ. Code § 1785 et seq.)**

i. For DEFENDANTS' willful violations of Cal. Civ. Code § 1785 et seq.:

    a. Actual damages sustained by Plaintiff as a result of DEFENDANTS' failures, as assed by the trier of fact pursuant to §1785.31(a)(2(A).

    b. Costs and Attorney's fees pursuant to §1785.31(a)(2)(A).

    c. Punitive damages for each violation as the court deems proper, pursuant to §1785.31(a)(2)(B).

    d. Any other relief that the court deems proper.

ii. For DEFENDANTS negligent violations of Cal. Civ. Code § 1785 et seq.:

    a. Actual damages sustained by Plaintiff as a result of DEFENDANTS' failures, as assed by the trier of fact pursuant to §1785.31(a)(1);

    b. Costs and Attorney's fees pursuant to §1785.31(a)(1).

iii. Additional penalty of trebling of any fine, civil penalty, or other penalty, or any other remedy the purpose or effect is to punish or deter pursuant to Cal. Civil Code § 3345(b).

iv. Any other relief that the court deems proper.

With respect to the **THIRD CAUSE OF ACTION (Cal. Business and Professions Code § 17200 et seq.)**

    i. An order from this court to remove inaccurate and incomplete information.

    ii. An order from this court prohibiting DEFENDANTS from re-entering removed inaccurate and incomplete information.

    iii. Cost of suit.

    iv. Any other relief that the court deems proper.

Respectfully submitted,

Dated this 23 of May, 2016

*[signature]*

Alexander S. Rusnak (CSB# 300054)
Attorney for Plaintiffs

Complaint

- 12